UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SCOTT FELVER,   Case No. 1:25-cv-230

    Plaintiff,   Hon. Robert J. Jonker
                                                    U.S. District Judge

v.

LEELANAU COUNTY JAIL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R. & R.) addresses the Defendant's motion to dismiss for failure to state a claim. (ECF No. 10.) Plaintiff did not file a response.

Plaintiff – Scott Felver – filed suit pursuant to 42 U.S.C.§ 1983 alleging the Defendant Leelanau County Jail (LCJ) violated his rights under the Eighth and Fourteenth Amendments. (ECF No. 1.) Plaintiff also asserts claims of negligence and gross negligence. (*Id.*, PageID.11.)

On April 23, 2025, the Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. (ECF No. 32.) LCJ argues Plaintiff cannot maintain his claims against them because (1) LCJ is not an entity that can sue or be sued, (2) Plaintiff has failed to plead a municipal liability claim, (3) Plaintiff has failed to plead a claim of deliberate indifference to prisoner-on-prisoner assault,

1

(4) Plaintiff failed to plead a medical deliberate indifference claim, and (5) Plaintiff failed to plead a plausible claim under state law.  (*Id.*)

In the opinion of the undersigned, Plaintiff has failed to state a claim upon which relief can be granted.  The undersigned respectfully recommends that the Court grant the Defendant's motion to dismiss.

## II.  Factual Allegations

Felver says that on or about October 1, 2022, he was brought to the Leelanau county jail to serve a twenty-two day sentence.  (ECF No. 1, PageID.2.)  Felver alleges that while he was incarcerated at the facility, the jail failed to properly supervise and control its inmates.  (*Id.*, PageID.3.)

Plaintiff says that on October 1, he was seated in the dining area watching television with another inmate, "Sam."  (*Id.*, PageID.2.)  Felver says that Sam was well known for being "mentally unstable and being medicated for his drug addiction."  (*Id.*)  Felver says Sam had previously threatened him as well as other inmates.  (*Id.*)

Sam told Felver he needed to "sit on the floor" because another inmate, "Jessie," was planning to mop up.  (*Id.*, PageID.3.)  Felver replied that he would move when Jessie was ready to start mopping.  (*Id.*)  Felver's response angered Sam, who suddenly swung his fist toward Felver.  (*Id.*)  Felver says that he stopped Sam's attack, pinning him against a wall, and waited for an officer to assist him.  (*Id.*)  Jessie helped Sam break free from Felver's grasp.  (*Id.*)  Sam "brutally

2

attacked Plaintiff," breaking his ribs, lacerating his spleen, bruising his face, and causing internal bleeding. (*Id.*)

Felver says that he was taken to Munson Medical Center for treatment. (*Id.*) However, when he was returned to the custody of the Leelanau County Jail, he was not dispensed his antibiotics. (*Id.*) Felver says that his infection spread, causing his "scrotum to swell to the size of a basketball." (*Id.*)

### III.  Motion to Dismiss Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all

3

the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

### IV. Analysis

Felver sues the Leelanau County Jail. The LCJ, however, is a building that houses convicted prisoners and pretrial detainees; it is not a person and it "is not a legal entity susceptible to suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *see also Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases that hold a local jail is not a person subject to suit under § 1983). For that reason alone, Plaintiff has failed to state a claim against the Leelanau County Jail.

The undersigned does not undertake a further analysis of the arguments presented.

### V. Recommendation

The undersigned respectfully recommends that the Court grant the Defendant's motion to dismiss.

Dated:   July 31, 2025                                /s/ *Maarten Vermaat*
                                                      MAARTEN VERMAAT
                                                      U.S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).